**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAY 2 8 2009

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| **MARK CUBAN** )<br>5424 Deloache Avenue )<br>Dallas, Texas 75220 )<br> )<br> **Plaintiff** )<br> )<br> **v.** )<br> )<br> )<br>**SECURITIES AND EXCHANGE** )<br>**COMMISSION** )<br>100 F. Street, N.E. )<br>Washington, D.C. 20549 )<br> )<br> **Defendant** )<br>_____) | Case: 1:09-cv-00996<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 5/28/2009<br>Description: FOIA/Privacy Act |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Mark Cuban files this Complaint against the Securities and Exchange Commission ("SEC").

**NATURE OF THE ACTION**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a *et seq.*, to compel compliance with FOIA and the Privacy Act, including the production of records requested from the SEC in December 2008.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1)(B), 5 U.S.C. § 552a(g)(1)(D), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1331.

3.      Venue is proper in the District of Columbia under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5).

1

## PARTIES

4.      Mark Cuban is an individual who resides in Dallas, Texas.

5.      The SEC is an agency of the United States and has possession of and control over the agency records that are the subject of this action.

## FACTUAL BACKGROUND

6.      On December 19, 2008, Mr. Cuban submitted a proper written request to the SEC under FOIA and the Privacy Act seeking certain documents and information, including records: (1) of any investigation involving Copernic Inc. (including when it was known as Mamma.com Inc. or by other names) or its officers, directors, major shareholders or employees; (2) relating to Mr. Cuban; (3) of any investigation of Broadcast.com Inc., Immediatek Inc., the National Basketball Association's Dallas Mavericks, HDNet, HDNet Films, LLC, Landmark Theatres, Magnolia Pictures, Sharesleuth.com, or 2929 Entertainment; (4) of any "Application for Award of a Bounty" filed in conjunction with the civil enforcement action the SEC filed against Mr. Cuban on November 18, 2008 in the United States District Court for the Northern District of Texas ("*SEC v. Cuban*"); (5) relating to Mr. Cuban's Wells Submission to the SEC dated September 21, 2007; (6) of any internal investigation of SEC Trial Counsel Jeffrey B. Norris relating to his interactions with Mr. Cuban and his complaints about Mr. Cuban to others; and (7) of any internal investigation relating to the conduct of SEC personnel involved with any investigation of Mr. Cuban or Copernic Inc.   The SEC received Mr. Cuban's request on December 22, 2008.

7.      Also on December 19, 2008, Mr. Cuban submitted a proper second written request to the SEC under FOIA seeking certain documents and information, including records: (1) of any investigation involving Coveo Solutions Inc. or its officers or directors, Intermediary

Lines Overseas Management, Jormian Capital Inc., or the Spiegel Sohmer law firm; (2) relating to Irving, Ian or Michael Kott; (3) of any trading history by SEC personnel in Copernic Inc. securities; (4) of any internal investigation of SEC Trial Counsel Jeffrey B. Norris; (5) of any internal investigation of SEC personnel Adam S. Aderton, Daniel T. Chaudoin, Scott W. Friestad, Robert B. Kaplan, Kevin P. O'Rourke, Julie M. Riewe, or Alton O. Turner; (6) of any internal investigation into the "Investigation of Alleged Unethical Instructions to Close Cases and Failure to Pursue Investigations," "Allegations of Conflict of Interest and Investigative Misconduct," "Allegation of Retaliatory Investigation," "Allegation of Leak of Confidential Document to the Press" and "Other Pending Inquiries," described in the SEC Office of Inspector General's Semiannual Report to Congress for the period April 1, 2008 to September 30, 2008 (the "Report"); and (7) of any internal investigation into SEC personnel sending a Wells notice prior to the SEC staff substantially completing their investigation of the recipient of the Wells notice, advising a witness not to communicate with or otherwise be available to someone involved in an SEC investigation, or failing to forward a Wells Submission to the Commission. The SEC received Mr. Cuban's request on December 22, 2008.

8.      On January 30, 2009, the SEC's Office of Freedom of Information & Privacy Act Operations informed Mr. Cuban by letter that his FOIA and Privacy Act requests had been assigned FOIA number "09-02217-FOIA." In the same letter, the SEC informed Mr. Cuban that with regard to his request for records relating to Irving, Ian or Michael Kott, its records identified Irving Kott in connection with a 1998 SEC lawsuit. However, instead of producing the responsive records that were in its possession and control as it was obligated to do by FOIA, the SEC instructed Mr. Cuban to request information regarding the SEC's lawsuit against Kott directly from the court clerk. The SEC advised that its search did not locate any responsive

information for Mr. Cuban's request for records of any investigation: (1) of Broadcast.com Inc.,
Immediatek Inc., the National Basketball Association's Dallas Mavericks, HDNet, HDNet Films,
LLC, Landmark Theatres, Magnolia Pictures, or 2929 Entertainment; or (2) involving Coveo
Solutions Inc. or its officers or directors, Intermediary Lines Overseas Management, or Jormian
Capital Inc.   The SEC stated that it had no means to conduct a reasonable search for any
information in response to Mr. Cuban's request for records of any: (1) trading history by SEC
personnel in Copernic Inc. securities; (2) internal investigation into certain allegations in the
Report; or (3) internal investigation into SEC personnel sending a Wells notice prior to the SEC
staff substantially completing their investigation of the recipient of the Wells notice, advising a
witness not to communicate with or otherwise be available to someone involved in an SEC
investigation, or failing to forward a Wells Submission to the Commission.   The SEC informed
Mr. Cuban that it was consulting with other Commission staff regarding his remaining requests
and would advise him of its findings.

       9.      On February 5, 2009, the SEC advised Mr. Cuban that its search did not locate
any responsive information for Mr. Cuban's request for records of any investigation involving
the Spiegel Sohmer law firm.   The SEC informed Mr. Cuban that it was withholding all records
responsive to Mr. Cuban's requests for records: (1) of any investigation involving Copernic Inc.;
(2) relating to Mr. Cuban; (3) of any "Application for Award of a Bounty" filed in conjunction
with *SEC v. Cuban*; and (4) relating to Mr. Cuban's Wells Submission dated September 21,
2007.   The SEC asserted FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), 17 C.F.R. §
200.80(b)(7)(i), stating that the "exemption protects from disclosure records compiled for law
enforcement purposes, the release of which could reasonably be expected to interfere with
enforcement activities."   The SEC improperly refused to produce any records under this blanket

4

assertion of Exemption 7(A); it did not release any segregable portions of the withheld records or provide Mr. Cuban with a list or description of the withheld records.

10.    Mr. Cuban filed a proper administrative appeal of the SEC's February 5, 2009 response to his FOIA and Privacy Act requests with the SEC's Office of the General Counsel and the SEC's Office of Freedom of Information & Privacy Act Operations. The appeal was served via Federal Express and received by the SEC on February 18, 2009.

11.    The SEC's Office of the General Counsel advised Mr. Cuban on February 19, 2009, that his appeal had been forwarded to that Office for review and response, and to "[b]e assured that we are working to respond to you as soon as possible."

12.    On March 5, 2009, the SEC informed Mr. Cuban that it was "withholding internal reports and communications," consisting of sixteen (16) pages, in response to his request for records of any investigation of Sharesleuth.com. The SEC asserted FOIA Exemption 5, claiming that the "records are protected by both the deliberative process and the attorney work-product privileges embodied in 5 U.S.C. § 552(b)(5), 17 CFR § 200.80(b)(5)." The SEC stated that it was still consulting with other Commission staff regarding Mr. Cuban's other requests and would advise of its findings.

13.    On March 16, 2009, the SEC informed Mr. Cuban that it was withholding all records responsive to his request for records relating to Irving, Ian or Michael Kott pursuant to FOIA Exemption 7(A). The SEC improperly refused to produce any records under this blanket assertion of Exemption 7(A); it did not release any segregable portions of the withheld records or provide Mr. Cuban with a list or description of the withheld records. The SEC stated that it was still consulting with other Commission staff regarding Mr. Cuban's other requests and would advise of its findings.

14.     On March 31, 2009, Mr. Cuban filed a proper FOIA and Privacy Act appeal of the SEC's March 5, 2009 and March 16, 2009 responses with the SEC's Office of the General Counsel and the SEC's Office of Freedom of Information & Privacy Act Operations. The appeal was served via Federal Express and received by the SEC on April 1, 2009.

15.     On April 2, 2009, the SEC's Office of Freedom of Information & Privacy Act Operations informed Mr. Cuban that his March 31, 2009 appeal had been forwarded to the SEC's Office of the General Counsel for processing.

16.     On April 9, 2009, the SEC's Office of the General Counsel advised Mr. Cuban that his appeal had been forwarded to that Office for review and response and to "[b]e assured that we are working to respond to you as soon as possible."

17.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), 5 U.S.C. § 552(a)(6)(B)(i), 17 C.F.R. § 200.80(d)(6)(v), and 17 C.F.R. § 200.80(d)(7), the SEC's response to a FOIA appeal is required to be made within 20 business days, unless the SEC provides a written notice setting forth unusual circumstances requiring extension of the response period, but for no more than 10 working days.

18.     Pursuant to 5 U.S.C. § 552a(g)(1)(D) and 17 C.F.R. § 200.308(a)(4), the SEC's response to a Privacy Act appeal is required to be made within 30 business days, unless, for good cause shown, the SEC's General Counsel extends that period and advises the appellant in writing of the extension, the reasons for the extension, and the anticipated date when the appeal will be decided.

19.     The SEC never provided written notice that it required an extension to process Mr. Cuban's appeals. Therefore, Mr. Cuban's first appeal, which the SEC received on February 18, 2009, should have been decided under FOIA by March 18, 2009 and under the Privacy Act

by April 1, 2009. Mr. Cuban's second appeal, which the SEC received on April 1, 2009, should have been decided under FOIA by April 29, 2009 and under the Privacy Act by May 13, 2009.

20.     As of May 27, 2009, the SEC has not responded to Mr. Cuban's appeals, has not provided a written notice of any extension under FOIA or the Privacy Act, and has not provided a date by which it will respond to the appeals.

21.     Because the SEC has failed to timely respond to Mr. Cuban's FOIA/Privacy Act appeals, Mr. Cuban has exhausted his administrative remedies.

22.     As of May 27, 2009, the SEC has not responded to Mr. Cuban's requests for records: (1) of any internal investigation of SEC Trial Counsel Jeffrey B. Norris relating to his interactions with Mr. Cuban, or his complaints about Mr. Cuban to others; (2) of any internal investigation relating to the conduct of SEC personnel involved with any investigation of Mr. Cuban or Copernic Inc.; (3) of any internal investigation of SEC Trial Counsel Jeffrey B. Norris; (4) of any internal investigation of SEC personnel Adam S. Aderton, Daniel T. Chaudoin, Scott W. Friestad, Robert B. Kaplan, Kevin P. O'Rourke, Julie M. Riewe, or Alton O. Turner; or (5) of any internal investigation into certain allegations in the Report.

23.     The SEC, as a federal agency, is under a duty to conduct a reasonable search for records when a FOIA request is received. However, the SEC failed to conduct any search for certain records and failed adequately to justify its refusal to conduct a reasonable search. The SEC did not provide any information about the methods available to it to conduct a search. The SEC simply asserted conclusorily that it had no means to conduct a reasonable search for certain records Mr. Cuban requested.

24.     Citing FOIA Exemption 7(A), the SEC withheld all records responsive to Mr. Cuban's requests for records: (1) of any investigation involving Copernic Inc.; (2) relating to Mr.

Cuban; (3) of any "Application for Award of a Bounty" filed in conjunction with *SEC v. Cuban*; (4) relating to Mr. Cuban's Wells Submission dated September 21, 2007; and (5) relating to Irving, Ian or Michael Kott. In doing so, the SEC improperly failed to specify what information was withheld, explain how the information withheld was compiled for law enforcement purposes, or explain how the release of the information withheld would reasonably be expected to interfere with enforcement proceedings.

25.     The SEC further cannot reasonably claim that the release of records Mr. Cuban requested concerning any investigation involving Copernic Inc. would interfere with enforcement proceedings. The SEC reportedly concluded its investigation of Copernic Inc. without taking any enforcement action against the company. Copernic Inc. filed with the SEC a Form 6-K, dated September 26, 2007, advising that the SEC had informed Copernic Inc. that the SEC had completed its investigation of the company concerning certain trading in the company's shares in 2004 and did not intend to recommend enforcement action against the company.

26.     Citing FOIA Exemption 5, the SEC withheld all records responsive to Mr. Cuban's request for records of any investigation of Sharesleuth.com. However, the only details the SEC provided about the withheld documents are that the documents allegedly include internal reports and communications and comprise sixteen (16) pages. The SEC stated that these records were protected by both the deliberative process and the attorney work-product privileges. The SEC failed to provide any meaningful description of the 16 withheld pages. Aside from "internal reports and communications," the SEC did not state how many and what types of documents were included, when the documents were created, or who created and received copies of the documents.

27.     To support its FOIA Exemption 5 deliberative process assertion, the SEC claimed that "withholding the records will encourage open, frank discussions on matters of policy between subordinates and superiors; protect against premature disclosure of proposed policies before they are finally adopted; and/or protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for the Commission's action."   The SEC set forth nothing further beyond this stock, conclusory statement to enable an evaluation of whether the deliberative process applied to the withheld records. The SEC did not allocate which portions of the 16 pages were purportedly protected by the deliberative process, identify the deliberative process involved, specify what role these portions played in the process, describe when in the process these records were created, or mention what part of the process they encompassed. The SEC did not mention any of the alleged policy or policies at issue, any decisions made or actions taken by the SEC, or whether any portions of the 16 pages were incorporated into or relied upon in any policy, decision or action or addressed pre-decisional or post-decisional matters. The SEC also failed to discuss whether factual information was contained within the 16 pages.

28.     The deficiencies in the SEC's deliberative process assertion were also present in its assertion of the attorney work-product privilege. The SEC's sole basis to sustain the attorney work-product privilege assertion was its conclusory contention that "the records are protected because they were prepared by an attorney in contemplation of litigation." The SEC failed to mention any actual or contemplated litigation or reference any attorneys. The SEC did not provide any information about the circumstances under which the records were prepared, or whether the records contained factual matters or witness statements.

29.     In an Executive Order dated January 21, 2009 addressed to the "Heads of Executive Departments and Agencies," President Obama declared that "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government.   The presumption of disclosure should be applied to all decisions involving FOIA."   This Executive Order applies to the SEC.

30.     In response to the January 21, 2009 Executive Order, Attorney General Holder issued a March 19, 2009 Memorandum for Heads of Executive Departments and Agencies addressing the presumption of FOIA openness.   Attorney General Holder explained that "an agency should not withhold information simply because it may do so legally," or "withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption."   This guidance applies to the SEC.

31.     As of May 27, 2009, the SEC has produced no documents in response to any of Mr. Cuban's FOIA and Privacy Act requests, or in response to any of Mr. Cuban's appeals.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

32.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

33.     Mr. Cuban is entitled to a declaration that the SEC's failure to respond to certain of his FOIA requests or assert any exemption under FOIA to justify withholding requested records violates FOIA and is unlawful.

### SECOND CLAIM FOR RELIEF

34.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

35.     Mr. Cuban is entitled to a declaration that the SEC's failure to respond to his Privacy Act requests or assert any exemption under the Privacy Act to justify withholding requested records violates the Privacy Act and is unlawful.

### THIRD CLAIM FOR RELIEF

36.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

37.     Mr. Cuban is entitled to a declaration that the SEC's failure to provide details of the searches it undertook to determine that no responsive records exist for certain of his FOIA and Privacy Act requests violates FOIA and the Privacy Act and is unlawful.

### FOURTH CLAIM FOR RELIEF

38.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

39.     Mr. Cuban is entitled to a declaration that the SEC's failure to provide details to support its assertion that it has no means to conduct a reasonable search for certain records Mr. Cuban requested violates FOIA and is unlawful.

### FIFTH CLAIM FOR RELIEF

40.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

41.     Mr. Cuban is entitled to a declaration that the SEC's failure to respond to his administrative appeals within the time frame set forth in FOIA and the Privacy Act and/or the regulations promulgated thereunder violates FOIA and the Privacy Act and is unlawful.

### SIXTH CLAIM FOR RELIEF

42.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

43.     Upon information and belief, the records sought in Mr. Cuban's FOIA requests are in the custody and control of the SEC and are not subject to any of the exemptions from public disclosure.

44.     Mr. Cuban has exhausted all required and available administrative remedies.

45.     Mr. Cuban has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the SEC's denial of his FOIA requests.

46.     An actual and justiciable controversy exists in that the SEC has failed to disclose the records sought in Mr. Cuban's FOIA requests although it has a statutory obligation to do so.

47.     As a result, Mr. Cuban is entitled to a declaration that the SEC is obligated to provide him with copies of the records sought in his FOIA requests.

**SEVENTH CLAIM FOR RELIEF**

48.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

49.     Mr. Cuban is entitled to an injunction compelling the SEC to provide him with copies of the records sought in his FOIA requests.

**EIGHTH CLAIM FOR RELIEF**

50.     Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

51.     Upon information and belief, the records sought in Mr. Cuban's Privacy Act requests are in the custody and control of the SEC and are not subject to any of the exemptions from disclosure.

52.     Mr. Cuban has exhausted all required and available administrative remedies.

53.     Mr. Cuban has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for the SEC's denial of his Privacy Act requests.

54.     An actual and justiciable controversy exists because the SEC has failed to disclose the records sought in Mr. Cuban's Privacy Act requests although it has a statutory obligation to do so.

55.    As a result, Mr. Cuban is entitled to a declaration that the SEC is obligated to provide him with copies of the records sought in his Privacy Act requests.

### NINTH CLAIM FOR RELIEF

56.    Mr. Cuban repeats and realleges all of the allegations in the foregoing paragraphs.

57.    Mr. Cuban is entitled to an injunction compelling the SEC to provide him with copies of the records sought in his Privacy Act requests.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Cuban requests that this Court:

(1) Declare that SEC's failure to respond to certain of Mr. Cuban's FOIA requests or assert any exemption under FOIA to justify withholding requested records violates FOIA and is unlawful;

(2) Declare that the SEC's failure to respond to Mr. Cuban's Privacy Act requests or assert any exemption under the Privacy Act to justify withholding requested records violates the Privacy Act and is unlawful;

(3) Declare that the SEC's failure to provide details of the searches it undertook to determine that no responsive records exist for certain of Mr. Cuban's FOIA and Privacy Act requests violates FOIA and the Privacy Act and is unlawful;

(4) Declare that the SEC's failure to provide details to support its assertion that it has no means to conduct a reasonable search for certain records Mr. Cuban requested violates FOIA and is unlawful;

(5) Declare that the SEC's failure to respond to Mr. Cuban's administrative appeals within the time frame set forth in FOIA and the Privacy Act and/or the regulations promulgated thereunder violates FOIA and the Privacy Act and is unlawful;

(6) Declare that Mr. Cuban is entitled to the records sought by his FOIA requests;

(7) Issue an injunction compelling the SEC to produce the records sought by Mr. Cuban's FOIA requests;

(8) Declare that Mr. Cuban is entitled to the records sought by his Privacy Act requests;

(9) Issue an injunction compelling the SEC to produce the records sought by Mr. Cuban's Privacy Act requests;

(10) Award Mr. Cuban his costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E) and U.S.C. § 552a(g)(2)(B); and

(11) Grant such other and further relief as this Court may deem just and proper.


Dated:  May 28, 2009                              Respectfully submitted,



                                                  _____
                                                  Henry W. Asbill
                                                  D.C. Bar No. 938811
                                                  David M. Ross
                                                  D.C. Bar No. 461733
                                                  DEWEY & LEBOEUF LLP
                                                  1101 New York Avenue, NW
                                                  Washington, D.C. 20005
                                                  Telephone: (202) 346-8000
                                                  Facsimile: (202) 346-8102
                                                  hasbill@dl.com
                                                  dross@dl.com

                                                  *Attorneys for Mark Cuban*