IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK CUBAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 1:09-cv-00996 (RWB)** |
| ) | **Judge Reggie B. Walton** |
| **SECURITIES AND EXCHANGE** ) | |
| **COMMISSION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF MARK CUBAN'S RESPONSE TO THE SEC'S RENEWED
MOTION FOR PARTIAL SUMMARY JUDGMENT
PURSUANT TO THE COURT'S JULY 1, 2011 COURT ORDER**

The SEC's latest submission confirms that many positions the SEC has taken since the inception of this case have been without merit. The SEC has claimed for *years* that it needed to withhold, in full, numerous documents responsive to Mr. Cuban's Freedom of Information Act ("FOIA") requests, and the SEC insisted that doing so was proper under FOIA. The SEC also has previously argued that it already had conducted fully adequate searches for certain categories of documents responsive to Mr. Cuban's requests, and that it did not need to conduct any further searches for any such documents.

The SEC's latest submission – its brief in support of its "Renewed Motion for Partial Summary Judgment" – essentially concedes that Mr. Cuban was entitled to documents previously withheld and listed on the SEC's Third Revised *Vaughn* Index, and those documents therefore have now been produced. Indeed, the SEC has now produced to Mr. Cuban nearly all of the documents remaining on the Third Revised *Vaughn* Index. It is unfortunate the SEC did not produce these documents far sooner, thereby avoiding the need for the parties' past motion practice regarding the documents and related issues. Although Mr. Cuban believes that redactions the SEC has made to some of the produced documents are completely unwarranted,

Mr. Cuban does not wish to add to the burdens already imposed on the Court by the SEC. Therefore, at the risk of rewarding the SEC for its intransigence, Mr. Cuban will not present any further argument with regard to the remaining redactions or ask the Court to address them.

The SEC's latest submission also confirms that the SEC's initial searches for documents responsive to categories 11, 12, and 13 of Mr. Cuban's FOIA requests were inadequate. This Court has previously agreed with Mr. Cuban – on two separate occasions – that the SEC had previously failed to demonstrate the adequacy of its searches for documents responsive to these document categories. *See* Mem. Op. at 11-14, Sept. 22, 2010, ECF No. 27; Mem. Op. at 9-10, July 1, 2011, ECF No. 50. The SEC now acknowledges and attempts to address inadequacies in its previous document searches by providing the Court with additional information about those searches and by attesting that the SEC has recently conducted further electronic searches for responsive documents. Although Mr. Cuban does not concede that the SEC's latest searches are completely adequate (in certain respects, they are *not*), Mr. Cuban has decided – again, to avoid further compounding the litigation burdens on the Court and the parties that the SEC already has imposed – not to present any further argument regarding the SEC's searches with respect to these document categories or to ask the Court to address the continuing inadequacies in the SEC's searches.

*       *       *

Finally, Mr. Cuban notes that there are certain pending issues in the case that are not implicated by the SEC's instant motion and that Mr. Cuban therefore does not address in this Response to the motion. One such issue is the status of potentially responsive documents that are in the SEC's "FIFO track" that the SEC apparently has not even begun to search for or review. According to the SEC's last status report submitted to this Court almost a full year ago, the SEC would "try" to begin reviewing some such documents potentially responsive to certain of Mr. Cuban's December 2008 FOIA requests by *September 2011*. See Status Rep. Regarding Pl.'s Proposal to Pay for Search and Application of Exemption 7(A) to Docs. Relating to Ongoing Enforcement Action, Dec. 1, 2010, ECF No. 37. Neither Mr. Cuban nor this Court has

2

received any update from the SEC as to the status of the SEC's review.

Another pending (and related) issue is Mr. Cuban's outstanding offer to cover the costs of an expedited review by the SEC of potentially responsive documents apparently trapped in the colossal logjam known as the SEC's "FIFO track."  Mr. Cuban has already demonstrated in filings with this Court that there is no genuine obstacle to the SEC's acceptance of Mr. Cuban's offer to pay the costs of an expedited review.  See Pl. Mark Cuban's Resp. to Def.'s Status Rep. Regarding Pl.'s Proposal to Pay for Search and Application of Exemption 7(A) to Docs. Relating to Ongoing Enforcement Action, Dec. 14, 2010, ECF No. 42; Pl. Mark Cuban's Resp. to the "Supp. Status Report" of Def. Securities and Exchange Commission, Feb. 4, 2011, ECF No. 46.

Although Mr. Cuban recognizes that this Response is not the place to present further arguments regarding any of the foregoing outstanding issues, Mr. Cuban reserves all his rights with respect to those issues.

Dated:  November 28, 2011

By:     /s/ George E. Anhang
       George E. Anhang

    George E. Anhang
    D.C. Bar No. 461936
    Lyle Roberts
    D.C. Bar No. 464789
    DEWEY & LEBOEUF LLP
    1101 New York Avenue, NW
    Washington, D.C. 20005
    Telephone: (202) 346-8000
    Facsimile: (202) 346-8102
    geanhang@dl.com
    lroberts@dl.com

    Stephen A. Best
    D.C. Bar No. 428447
    BROWNSTEIN HYATT FARBER SCHRECK LLP
    1350 I Street NW, #510
    Washington, D.C. 20005

Telephone: (202) 747-0500
Facsimile: (202) 296-7009
sbest@bhfs.com

Attorneys for Mark Cuban

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2011, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    Juanita C. Hernandez
    Melinda Hardy
    U.S. Securities and Exchange Commission
    100 F Street NE
    Washington, DC 20549
    Phone: (202) 551-5152

                            By:    /s/ George E. Anhang
                                    George E. Anhang